**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

|  |  |
|---|---|
| Y.V. (a fictitious designation to protect the identity of a minor) BY HER GUARDIAN AD LITEM, SCOTT A. KRASNY, ESQUIRE,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES OFFICE OF LICENSING ('DCF Office of Licensing'), THE STATE OF NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY ('DCP&P'), JULIE CORBLEY, DEBORAH CRUDUP, TROY RITCHIE, et al.<br><br>Defendants. | The Honorable Michael A. Shipp, U.S.D.J.<br>The Honorable Rukhsanah L. Singh, U.S.M.J.<br><br>Civil Action No.<br>3:21-CV-18770-MAS-RLS<br><br>**PROPOSED JOINT**<br>**DISCOVERY PLAN**<br><br>Scheduling Conference:<br>**October 18, 2022 at 3:30 p.m.** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Craig J. Hubert, Esquire**
**Brian A. Heyesey, Esquire**
**Szaferman, Lakind, Blumstein & Blader, P.C**
**101 Grovers Mill Road, Suite 200**
**Lawrenceville, New Jersey 08648**
**Tel:  (609) 275-0400**
**Fax:  (609) 275-4511**
**CHubert@szaferman.com**
**BHeyesey@szaferman.com**
**Attorneys for Plaintiff, Y.V.**

**Deputy Attorney General Barkha Patel**
**R.J. Hughes Justice Complex**
**P.O. Box 116**
**Trenton, New Jersey 08625**
**Tel:  (609) 815-2982**
**Barkha.Patel@law.njoag.gov**
**Attorneys for Defendant, Julie Corbley**

**Deputy Attorney General Sidney E. Goldstein**
**R.J. Hughes Justice Complex**
**P.O. Box 116**
**Trenton, New Jersey 08625**
**Tel:  (609) 815-2988**
**Sidney.Goldstein@law.njoag.gov**
**Attorneys for Defendants, New Jersey Department of Children and Families Office of Licensing**
**(also pled as New Jersey Division of Child Protection and Permanency)**

   2. Set forth a brief description of the case, including the causes of action and defenses
      asserted.

**It is alleged that at some point between January 5, 2015 and January 23, 2015, Defendant, New Jersey Division of Child Protection and Permanency ("DCP&P"), placed Plaintiff, Y.V. (DOB:  12/7/2011) in the Defendant, New Jersey Department of Children and Families ("DCF") Office of Licensing-approved home of Defendant, Deborah Crudup, located at 3 Bryant Drive, Jackson, New Jersey 08527.  Plaintiff, Y.V., alleges that at the time of the placement, Defendant, DCP&P, was aware that Defendant, Troy Ritchie, a convicted sex offender and Megan's Law registrant, was also residing at 3 Bryant Drive, Jackson, New Jersey 08527.  Defendant Julie Corbley denies that she was aware that Mr. Ritchie resided with resource parent, Deborah Crudup.**

**Plaintiff maintains that during a January 22, 2015 supervised visitation, Plaintiff, Y.V.'s biological mother, S.M., observed various injuries on Plaintiff, Y.V.'s buttock area.  S.M. allegedly reported the observed injuries to Defendant, Julie Corbley, the DCP&P Family Service Specialist I ("FSSI") responsible for the care of Plaintiff, Y.V.  Immediately upon notice, on January 23, 2015, Defendants referred the matter to DCF's Institutional Abuse Investigation Unit ("IAIU") to investigate the "child abuse and neglect" of Plaintiff, Y.V., while in "a DCF Approved Resource Home," which was believed to be 3 Bryant Drive, Jackson, New Jersey 08527.**

**Defendants, DCP&P and Julie Corbley, FSSI, allegedly failed to remove Plaintiff, Y.V., from 3 Bryant Drive, Jackson, New Jersey 08527 from the January 23rd referral to the IAIU until the Honorable Melanie Donohue Appleby, J.S.C. entered an Order transferring legal custody of her to her maternal grandfather, G.V. on April 9, 2015.  Plaintiff further alleges that during the eleven (11) weeks following the January 23rd referral to the IAIU, Plaintiff, Y.V., was physically and sexually abused by Defendants, Deborah Crudup, Troy Ritchie and/or other individuals residing at 3 Bryant Drive, Jackson, New Jersey 08527.**

**Plaintiff maintains that shortly after being taken out-of-state to reside with her maternal grandfather, G.V., Plaintiff, Y.V., began treating with a psychiatrist, who diagnosed her with Post-Traumatic Stress Disorder (PTSD).**

**Plaintiff, Y.V., alleges:  substantive due process violations ("special relationship" and state-created danger) under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, et seq., against Defendant, Julie Corbley, FSSI, in her personal capacity, and other caseworkers responsible for Plaintiff, Y.V.'s care whose identities are currently unknown; violations of New Jersey's Child Placement Bill of Rights, N.J.S.A. 9:6B-1, et seq., against**

**Defendants, DCF Office of Licensing, DCP&P and Julie Corbley, FSSI; gross negligence against Defendant, Julie Corbley, FSSI, and other caseworkers responsible for Plaintiff, Y.V.'s care whose identities are currently unknown; and assault and battery against Defendants, Deborah Crudup, Troy Ritchie and/or other individuals who were residing at 3 Bryant Drive, Jackson, New Jersey 08527 while she was placed at that resource home.**

**State Defendants have plead various affirmative defenses, including, but not limited to; qualified immunity; absolute immunity; and "Plaintiff's injuries are the solely the result of the conduct of the alleged perpetrator(s), and not by any action or failures to act by this Defendant." The State Defendants will argue that they are immune from liability on both Counts IV and V, pursuant to N.J. Stat. Ann. § 59:3-6 (licensing immunity), N.J. Stat. Ann. § 59:2-4, 3-5 (failure to enforce the law), N.J. Stat. Ann. § 59:3-3 (good faith enforcement of the law), and N.J. Stat. Ann. § 59:2-3(b) and 59:3-2(b) (administrative inaction of a judicial nature). Defendant Julie Corbley asserts the same immunities and further asserts that Y.V.'s diagnosis of PTSD was caused, in whole or in part, by conditions, events, abuse, neglect, and factors present prior to being placed with any resource parent, and therefore not caused by any acts or omissions alleged against Defendant Corbley.**

**Efforts have been made to serve Defendants, Deborah Crudup and Troy Ritchie, with Plaintiff, Y.V.'s Amended Complaint; however, they are evading service.  Copies of the First Amended Complaint have been sent to those Defendants via certified mail, return receipt request and regular mail.**

3.   Have settlement discussions taken place?

**No.**

     (a)  What was plaintiff's demand?

        (1) Monetary demand:  **N/A**
        (2) Non-monetary demand:  **N/A**

     (b)  What was defendant's last offer?

        (1) Monetary offer:  **N/A**
        (2) Non-monetary offer:  **N/A**

4.   The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5.   The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1).

**The parties have not conducted discovery. The parties agree that the discovery to be exchanged includes documents and information that are confidential, pursuant to N.J.S.A. 9:6-8.10a and other statutes and regulations, and as a result, the parties have agreed to exchange discovery upon entry of a Discovery Confidentiality Order and entry of an Order, following in-camera inspection, demanding production of records.  The State Defendants**

**shall serve their Initial Disclosures within twenty (20) days of the entry of a Confidentiality Order and Order to Produce Documents, following in-camera inspection.  The legal basis for the need for a protective order and an in-camera inspection will be provided, if requested, at the Court's direction.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

**Plaintiff: Plaintiff, Y.V., previously served the State Defendants with the *Initial* Request for Production of Documents attached hereto as "Exhibit A."  To date, no documents responsive to the request have been served.  Accordingly, Plaintiff, Y.V., maintains she is not in a position to provide the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).**

**Defendants: Defendants have not yet served their Rule 26(a)(1) Initial Disclosures or responses to Plaintiff's Initial Request for Production of Documents.  Pursuant to Fed. R. Civ. P. 34(b)(2)(A), the responses to the requests for production would not be due until 30 days after the initial scheduling conference. Moreover, given the sensitive nature of the allegations made in Plaintiff's Complaint, and contained in the records maintained by Defendants, and in accordance with N.J.S.A. 9:6-10 (a), no documents can be produced without an In-Camera Review and Protective Order. The State Defendants shall make Initial Disclosures within twenty (20) days of the entry of an agreed upon proposed protective order.**

7. The parties **have not** yet conducted discovery including the above disclosures.

8. Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:

**Discovery is needed on the following subjects: liability and damages. Plaintiff seeks to depose: Defendant, Julie Corbley; any other Family Service Specialists/caseworkers identified as being responsible for the care of Plaintiff; and any representative from the IAIU that conducted an investigation into any resource home Plaintiff resided, including, but not limited to 3 Bryant Drive, Jackson, NJ 08527.  The State Defendants are seeking discovery related to the allegations in Plaintiff's Amended Complaint, including, but not limited to, any complaints made to DCF with respect to Plaintiff; records regarding DCF-related investigations, including, but not limited to, medical and/or psychological interviews and/or evaluations and findings; and, Plaintiff's medical and psychological records. State Defendant seeks to depose Plaintiff, her biological mother, maternal grandfather, foster parents, Plaintiff's medical providers, and any other person with knowledge of the allegations made by Plaintiff in Plaintiff's Complaint. State Defendant intends to have Plaintiff evaluated by a psychiatric expert and will produce any documentation required by the Federal Rules of Evidence and Civil Procedure. State Defendant will also seek to depose any experts retained by Plaintiff and any of the co-defendants.**

(b) Discovery **should not** be conducted in phases or be limited to particular issues. Explain.

**Discovery should not be conducted in phases or be limited to particular issues, provided, however, that Requests for Production of Documents and any responses thereof should not occur until thirty (30) days after entry of a Confidentiality Order, and an Order, following in-camera review, demanding production of same. State Defendants further suggest that each party be permitted to serve twenty (25) Interrogatories, provided, however, that the exchange of initial Interrogatories and any responses thereof should not occur until thirty (30) days after entry of a Confidentiality Order, and an Order, following in-camera review, demanding production of same. In addition, State Defendants suggest that each party be permitted to serve ten (10) Supplemental Interrogatories on any other party.**

(c) Proposed Schedule:

(1) Fed. R. Civ. P. 26(a) Disclosures will be served **twenty (20) days of the entry of a Confidentiality Order and Order to Produce Documents, following in-camera inspection.**

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) _____.

(3) Service of initial written discovery requests within **thirty (30) days of the entry of a Confidentiality Order with Order to Produce Documents, following in-camera inspection**.

(4) Maximum of **twenty five (25)** interrogatories by each party to each other party, **with the parties being permitted to serving ten (10) supplemental interrogatories on any other party.**

(5) Maximum of **ten (10)** depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by **February 28, 2023 (assuming the Court enters an order to produce documents following in-camera inspection)**.

(7) Factual discovery to be completed by _____.

(8) Plaintiff's expert report due on _____.

(9) Defendant's expert report due on _____.

(10) Expert discovery to be completed by _____.

(11) Dispositive motions to be served within **thirty (30)** days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

**The parties agree that, absent court order, to the extent that any document requests call for the production of electronically stored information, hard copies or PDF versions of the electronically stored information may be produced in response to such requests.**

**Additionally, the parties may seek a protective order to protect information covered by HIPAA and/or the Privacy Act.**

(e) A pretrial conference may take place on **TBD**.

(f) Trial date: **TBD**.

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?

**The State Defendants request that depositions of all employees of the State of New Jersey and its departments, and all New Jersey residents, take place by way of zoom conference or in person in New Jersey at a location most convenient for the witness.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

**Yes. Given that Plaintiff will be requesting confidential information from the State Defendants in discovery, including, but not limited to, records of child abuse and/or child neglect, which are confidential pursuant to N.J.S.A. 9:6-8.10a and other statutes and regulations, the State Defendants propose to submit an agreed upon Order to Produce Documents and Confidentiality Order, pursuant to L. Civ. R. 5.3(b).**

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

**Yes.**

12. Do you anticipate any discovery problem(s) not listed above?

**No.**

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later

time (i.e., after exchange of pretrial disclosures, after completion of depositions after disposition or dispositive motions, etc.)

**This case may be appropriate for arbitration, mediation or other special procedure, subject to client approval. The parties ask that the Court allow them to conduct fact discovery and revisit this issue at a later time. The case is not appropriate for voluntary arbitration under Local Civil Rule 201.1 or otherwise.**

14. Is this case appropriate for bifurcation?

**No.**

15. An interim status/settlement conference (with clients in attendance), should be held on **a date TBD.**

16. We **do not** consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

**Plaintiff, Y.V., may want to be heard on an Order for substituted service as to Defendants, Deborah Crudup and Troy Ritchie based on Plaintiff, Y.V.'s due diligence in attempting to serve those parties up to this point.   Nevertheless, the State Defendants would oppose any motion by Plaintiff seeking to substitute service upon Defendants Crudup and/or Ritchie by way of serving the State Defendants.**

_/s/ Brian A. Heyesey_                          Date:  10/4/2022
BRIAN A. HEYESEY, ESQ.
Attorney for Plaintiff, Y.V.


/s/ _Barkha Patel_                          Date:  10/4/2022
DAG BARKHA PATEL, DAG
Attorney for Defendant, Julie Corbley


_/s/ Sidney E. Goldstein_                          Date:  10/4/2022
DAG SIDNEY E. GOLDSTEIN, DAG
Attorney for Defendants, New Jersey
Department of Children and Families
Office of Licensing (also pled as New
Jersey Division of Child Protection and
Permanency)