# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Brian A. Heyesey, Esquire**
**NJ Attorney ID#:  015552006**
bheyesey@szaferman.com

**SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.**
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
Attorneys for Plaintiff, Y.V. (a fictitious designation to protect the identity of a minor)

| | |
|---|---|
| Y.V. (a fictitious designation to protect the identity of a minor), by her Guardian ad Litem, Scott A. Krasny, Esquire,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES OFFICE OF LICENSING ("DCF Office of Licensing"), THE STATE OF NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY ("DCP&P"), JULIE CORBLEY, DEBORAH CRUDUP, TROY RITCHIE, JOHN/JANE DOE DCF OFFICE OF LICENSING REPRESENTATIVES 1-10 (fictitious), JOHN/JANE DOE CASEWORKERS 1-10 (fictitious), JOHN/JANE DOES 1-10 (fictitious),<br><br>Defendants. | CIVIL ACTION NO. 21-cv-18770(MAS)(RLS)<br><br>HON. MICHAEL A. SHIPP, U.S.D.J.<br>HON. RUKHSANAH L. SINGH, U.S.M.J.<br><br><br>**LEGAL BRIEF IN SUPPORT OF PLAINTIFF, Y.V.'S MOTION FOR ENTRY OF AN ORDER COMPELLING PRODUCTION OF *UNREDACTED* VERSIONS OF THE "SECOND SET OF CHALLENGED DOCUMENTS"**<br><br>**Return Date:  <u>Monday, May 20, 2024</u>** |

Dated:  <u>April 25, 2024</u>

**SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.**
Attorneys for Plaintiff, Y.V.

*/s/ Brian A. Heyesey*
Brian A. Heyesey, Esquire
NJ Attorney ID#:  015552006
bheyesey@szaferman.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

FACTUAL BACKGROUND ........................................................................................1

LEGAL ARGUMENT ..................................................................................................1

      I.      PRODUCTION OF *UNREDACTED* VERSIONS OF THE "SECOND SET OF CHALLENGED DOCUMENTS" IS ESSENTIAL TO PLAINTIFF, Y.V.'S ABILITY TO PROSECUTE THE CAUSES OF ACTION SET FORTH IN THE AMENDED COMPLAINT AND NECESSARY FOR DETERMINATION OF ISSUES BEFORE THE COURT

CONCLUSION ..............................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

Div. of Youth & Family Servs. v. N.S., 412 N.J. Super. 593 (App. Div. 2010) ...........................3

K.J. v. Div. of Youth & Family Servs., 363 F. Supp. 2d 728 (2005) ...........................................6

Pearson v. Miller, 211 F.3d 57 (3d Cir. 2000).............................................................................1

Pennsylvania v Ritchie, 480 U.S. 39 (1987)..........................................................................2,3,7

State v. Cusick, 219 N.J. Super. 452 (App. Div. 1987) .............................................................2,7

**Rules**

Fed. R. Civ. P. 26(b)(1)................................................................................................................1

R. 5:12-3 ......................................................................................................................................2

**Statutes**

N.J.S.A. 9:6-8.10a...............................................................................................................1,2,3,7

N.J.S.A. 9:6-8.40..........................................................................................................................1

N.J.S.A. 9:6-8.83..........................................................................................................................1

N.J.S.A. 9:6B-4.............................................................................................................................6

## FACTUAL BACKGROUND

Plaintiff, Y.V., relies upon the factual background set forth in the Certification of Counsel and incorporates same in its entirety by way of reference.

## LEGAL ARGUMENT

**I.     PRODUCTION OF *UNREDACTED* VERSIONS OF THE "SECOND SET OF CHALLENGED DOCUMENTS" IS ESSENTIAL TO PLAINTIFF, Y.V.'S ABILITY TO PROSECUTE THE CAUSES OF ACTION SET FORTH IN THE AMENDED COMPLAINT AND NECESSARY FOR DETERMINATION OF ISSUES BEFORE THE COURT**

Pursuant to Fed. R. Civ. P. 26(b)(1) "parties may obtain discovery of any nonprivileged matter that is relevant to the party's claim or defense" and the court may order discovery of any matter relevant to the subject matter involved in the action," although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  See Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Here, although the unredacted versions of requested Second Set of Challenged Records are not expected to be "privileged" communications, Plaintiff's counsel recognizes that they may be subject to statutory confidentiality if they are considered "records of child abuse reports" under N.J.S.A. 9:6-8.10a.

N.J.S.A. 9:6-8.10a provides that all records of child abuse reports made pursuant to N.J.S.A. 9:6-8.10, and all information obtained by the Department of Children and Families (hereinafter referred to as "DCF") in investigating such reports, including reports received pursuant to N.J.S.A. 9:6-8.40, shall be kept confidential and may be disclosed only under expressly authorized circumstances set forth under subsections (b) – (g) of the statute.  Subsection (b) specifically provides:

> [DCF] may and upon written request, shall release the records and reports referred to in subsection a., or parts thereof, consistent with the provisions of N.J.S.A. 9:6-8.83 to:

1

(6)     A court...upon its finding that access to such records may be necessary for determination of an issue before it, *and such records may be disclosed by the court...in whole or in part to the* law guardian, *attorney*, or other appropriate person *upon a finding that such further disclosure is necessary for determination of an issue before the court…*

(emphasis added).

The bulk of the caselaw addressing application of N.J.S.A. 9:6-8.10a is either in the context of a parent charged with civil abuse and neglect in a Title Nine proceeding or in the context of a criminal defendant, who is facing similar allegations and is seeking inspection of the DCP&P records to potentially identify a defense witness and/or to attack the credibility of the accusing victim.

Under R. 5:12-3, DCP&P must provide all relevant reports, including reports of experts or other documents upon which it intends to rely upon to counsel representing a parent charged with civil abuse and neglect in a Title Nine proceeding.  Despite the allegations often mirroring those in a Title Nine proceeding, in a criminal proceeding, there is no presumption that DCP&P records are to be released to defense counsel and, in fact, such conduct is specifically precluded unless the Court determines from an in-camera review that the information the records contain is relevant and necessary for determination of an issue before the Court.  N.J.S.A. 9:6-8.10a(b)(6); see also State v. Cusick, 219 N.J. Super. 452, 530 (App. Div. 1987)(adopting the approach suggested in Pennsylvania v Ritchie, 480 U.S. 39 (1987), which requires the criminal judge to conduct an in-camera review of the file to assess whether there was any material or exculpatory evidence that should be provided to the criminal defense attorney and to determine whether such material or evidence was available through other sources).

The New Jersey Appellate Division has cited two justifications for securing confidentiality of DCP&P records outside the context of Title Nine proceedings:

> First, the statue is designed as a 'procedural safeguard to protect victim children from unnecessary disclosure…which may cause the child further guilt, vulnerability or humiliation'…Second, there is a need to protect those who come forward to report child abuse and neglect, which are often difficult to detect.

Div. of Youth & Family Servs. v. N.S., 412 N.J. Super. 593, 636 (App. Div. 2010)(internal citations omitted).  Stated differently, it is well-established that N.J.S.A. 9:6-8.10a is intended to protect child victims from unnecessary disclosure of traumatic events and also to avoid a chilling effect on those willing to come forward and report child abuse and neglect.

These justifications clearly derive from the Ritchie holding, which provides:

> Child abuse is one of the most difficult crimes to detect and prosecute, in large part because there often are no witnesses except the victim.  A child's feelings of vulnerability and guilt, and his or her unwillingness to come forward are particularly acute when the abuser is a parent.  It therefore is essential that the child have a state-designated person to whom he may turn, and to do so with the assurance of confidentiality.  Relatives and neighbors who suspect abuse also will be more willing to come forward if they know that their identities will be protected.  Recognizing this, the Commonwealth—like all other States—has made a commendable effort to assure victims and witnesses that they may speak to the [Children and Youth Services] counselors without fear of general disclosure…

Ritchie, 480 U.S. at 60.

Here, with the understanding that the Court has already conducted an in-camera inspection of Bates Stamps Y.V. DCPP 1 – 4,759, which were provided by the DCP&P Defendants pursuant to the October 18, 2022 Order to Produce Documents and Consent Discovery Confidentiality Order, it is first important to identify what Plaintiff, Y.V., is actually seeking in terms of the unredacted versions of the Second Set of Challenged Documents before turning to why disclosure in this case is necessary.

Redacted versions of the subject Second Set of Challenged Documents were sent to Plaintiff's counsel following the Court's entry of the February 21, 2023 Order in two (2) separate .pdfs.  Redacted versions of the documents falling between Bates Stamps DCPP Y.V. 1 – 574 (hereinafter referred to as "the first part of the Second Set of Challenged Documents") were

3

provided to Plaintiff, Y.V., as a .pdf labeled "Department of Children and Families – Institutional Abuse Investigations Unit Files Involving Resource Parent, Deborah Crudup."[1]  Those records specifically relate to referrals made to the IAIU by:  Plaintiff, Y.V.'s mother following supervised visits with Plaintiff, Y.V., on February 5, 2015 and March 26, 2015; Cindy Lallier from Catholic Charities, who conveyed that Plaintiff's Y.V.'s maternal grandfather reported that Plaintiff, Y.V., made certain statements to him indicative of her being sexually abused shortly after he brought her to live with him in Texas upon being removed from Defendant, Deborah Crudup's residence; and a DCP&P representative from the Somerset Local Office, who reported that she personally observed a post-it note size burn on the left forearm of one of the Johnson children during a June 3, 2015 supervised visit with their biological mother, J.J.

The four (4) IAIU referrals relating to the licensed resource home of Defendant, Deborah Crudup, are best summarized in IAIU Investigator Lori Saggese's September 28, 2015 email to Paul D'aloia and Stephanie Ronau, which provides, in part:

> Please ensure that you also address the following Additional Observations from the Findings Memo in your CAP:
>
> - The resource home has had 4 IAIU investigations.  There was one investigation where a sexual allegation was made in reference to a relative that frequented the home.  This child is currently placed in Texas with a relative.  The 2 children [the Johnson children] since being removed from this resource home have recently started acting out sexually in their current placement.  The resource unit will be going out to reassess the home of Ms. Crudup due to some issues identified of her having some previous history of substance abuse and mental health issues.

[See DCPP Y.V. 1011].

---

[1] The specific Bates Stamps comprising the first part of the Second Set of Challenge documents consist of:  Y.V. DCPP 00368, Y.V. DCPP 00373 – 375, Y.V. DCPP 00379 – 382, Y.V. DCPP 00408 – 422, Y.V. DCPP 00427 – 446, Y.V. DCPP 00450 – 458, Y.V. DCPP 00460 – 471, Y.V. DCPP 00473 – 481, Y.V. DCPP 00516 – 559, Y.V. DCPP 00563 – 574.

Redacted versions of the remaining documents contained in the Second Set of Challenged Documents, falling between Bates Stamps Y.V. DCPP 662 – 1164 (hereinafter referred to as "the second part of the Second Set of Challenged Documents"), were provided to Plaintiff's counsel in a separate .pdf labeled "Department of Children and Families – Office of Licensing file for Resource Parent, Deborah Crudup."[2]  Plaintiff's counsel suspects that those licensing records include records relating to D.W., who is the grandson of Defendant, Deborah Crudup, and who is why Defendant, Deborah Crudup, applied to become a licensed kinship provider in 2013 when his parents were incarcerated.  Upon information and belief, D.W., who was known by the DCP&P Defendants to have serious behavioral issues, which included an inappropriate interest in sex for his age and masturbating in public, was present at 3 Bryant Drive during Plaintiff, Y.V.'s placement at that resource home from January 26, 2015 – April 9, 2015.  In fact, Plaintiff's counsel has reason to believe that D.W. has continued to list 3 Bryant Drive as his address through June 2023.

Like with the initial "Challenged Document"—the summary relating to the June 26, 2015 Resource Team Meeting ("RTM"), which the Court, in its April 23, 2023 Letter Order, found to be "relevant to the instant case because it relates to the resource home at which Plaintiff was placed and later removed," it is Plaintiff, Y.V.'s contention that the DCP&P Defendants should be compelled to produce *unredacted* versions of the Second Set of Challenged Documents, which also clearly relate to Defendant, Deborah Crudup's licensed resource home.  The documents, in their unredacted form, are expected to shed light on whether the DCP&P Defendants knew or should have known that other individuals, including, but not limited to D.W., who was known to

---

[2] The specific Bates Stamps comprising the second part of the Second Set of Challenge documents consist of:  Y.V. DCPP  00675 – 691; Y.V. DCPP 00744 – 760; Y.V. DCPP 00818 – 825; and Y.V. DCPP 01128 – 1164

the DCP&P Defendants to have serious behavioral issues, were present in the household at the time of Plaintiff, Y.V.'s placement from January 26, 2015 – April 9, 2015.

*Unredacted* versions of the Second Set of Challenged Documents are essential for Plaintiff, Y.V., to address issues that will ultimately have to be determined by the Court, which include, but are not limited to:

- Whether Defendant, Julie Corbley, FSSI, who had a "special relationship" with Plaintiff, Y.V., violated Plaintiff, Y.V.'s substantive due process by failing to perform the affirmative duty to provide her with certain "clearly established" rights she was entitled to while she was placed in the licensed resource home of Defendant, Deborah Crudup, as pled in Count One of the Amended Complaint and Jury Demand;

- Whether Defendant, Julie Corbley, FSSI, affirmatively used her authority as Plaintiff, Y.V.'s Family Service Specialist in a way that created a danger to Plaintiff, Y.V., as pled in Count Two of the Amended Complaint and Jury Demand.

- Whether the harm Plaintiff, Y.V., ultimately suffered was foreseeable and fairly direct given the information that was available to Defendant, Julie Corbley, FSSI, prior to Plaintiff, Y.V.'s placement with Defendant, Deborah Crudup, on January 26, 2015;

- Whether Defendant, Julie Corbley, FSSI, can be said to have acted with "deliberate indifference" given the information available to her prior to and during Plaintiff, Y.V.'s placement at the licensed resource home of Defendant, Deborah Crudup, from January 26, 2015 – April 9, 2015;

- Whether the affirmative defense of "Plaintiff's injuries are the sole result of the conduct of the alleged perpetrator(s)," now believed to be D.W., who, at all times material hereto, was 8-years old, is viable;

- Whether the affirmative defense of "[t]he foster parent knew or had reason to know of the attacker's alleged propensities and failed to advise" the DCP&P Defendants is viable; and

- Whether Defendants, DCF Office of Licensing and Julie Corbley, FSSI, violated New Jersey's Child Placement Bill of Rights by failing to provide Plaintiff, Y.V., with certain rights she was entitled to, including, but not limited to: the right "be free from physical or psychological abuse;" the right to "receive adequate, safe and appropriate…housing;" and the right "be free from unwarranted physical restraint…," as pled in Count Four of the Amended Complaint and Jury Demand. N.J.S.A. 9:6B-4(h), (n) and (p); see also K.J. v. Div. of Youth & Family Servs., 363 F. Supp. 2d 728, 744-45 (2005)(holding that "[a]ny construction of the Child Placement Bill of Rights Act which does not provide a private right of action would work against the principals of statutory construction and would work against the basic policy decisions underlying the enactment of the legislation").

6

In addition to the Second Set of Challenged Documents already being subject to the terms of the October 18, 2022 Discovery Confidentiality Order, which limits their use "solely for purposes of the prosecution or defense of this action…," Plaintiff, Y.V., submits that production of *unredacted* versions of the Second Set of Challenged Documents will not conflict with legislative intent behind N.J.S.A. 9:6-8.10a, which is to protect child victims from unnecessary disclosure of traumatic events and to avoid stifling third-party reports of child abuse.

Unlike the requestors in Ritchie and Cusick, here, Plaintiff, Y.V., is not a criminal defendant on a fishing expedition hoping to find anything that she could use to challenge the credibility of someone who has made allegations against her.  Rather, Plaintiff, Y.V., is the plaintiff in an actively litigated civil action, who has the burden to prove the allegations set forth in her Amended Complaint and Jury Demand.  It is expected that *unredacted* versions of the Second Set of Challenged Documents will not only assist in the prosecution of her claims against all Defendants, but are necessary to be in a position to appropriately respond to any future dispositive motion that may be filed in this matter.  Accordingly, the need for disclosure substantially outweighs the DCP&P Defendants' interest in confidentiality.

## CONCLUSION

For the reasons stated, Plaintiff, Y.V.'s motion to compel production of *unredacted* versions of the Second Set of Challenged Documents must be GRANTED.

**SZAFERMAN, LAKIND, BLUMSTEIN
& BLADER, P.C.**
Attorneys for Plaintiff, Y.V.

*/s/ Brian A. Heyesey*
Brian A. Heyesey, Esquire
NJ Attorney ID#:  015552006
bheyesey@szaferman.com

Dated:  April 26, 2024

7