UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Y.V. (a fictitious designation to protect the identity of a minor), *by her Guardian ad Litem*, SCOTT A. KRASNY, ESQ., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES OFFICE OF LICENSING, et al., <br><br> Defendants. | Civil Action No. 21-18770 (RK) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Plaintiff Y.V. (a fictitious designation to protect the identity of a minor), by her *Guardian ad Litem*, Scott A. Krasny, Esq. ("Plaintiff" or "Y.V.") to Compel the production of unredacted records maintained by Defendant the New Jersey Division of Child Protection and Permanency ("DCP&P"). (Doc. No. 59). Defendants DCP&P and the State of New Jersey Department of Children and Families Office of Licensing ("DCF Office of Licensing") (collectively, the "State Defendants") oppose the Motion, (Doc. No. 60), to which Plaintiff replied, (Doc. No. 61). The Court has fully considered the parties' submissions and considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). The Court further has conducted a second *in camera* review of the documents at issue as requested by the State Defendants. For the reasons set forth below, and for good cause shown, Plaintiff's Motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

1

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with the background and procedural history of this matter and thus the Court only sets forth herein the background and procedural history relevant to the instant Motion. This action arises out Plaintiff's allegations of abuse during DCP&P's placement of her at the resource home of Defendant Deborah Crudup ("Crudup") from January 26, 2015 through April 9, 2015. (*See generally* Doc. No. 17). Plaintiff alleges, *inter alia*, that the State Defendants knew or should have known that Crudup and others residing within the resource home posed a risk and danger to Plaintiff. Plaintiff's Motion now seeks unredacted versions of DCP&P records that she claims will support that allegation.

Because this matter involves DCP&P records relating to child abuse and/or neglect, on October 18, 2022, the Court entered an Order to Produce Documents and Consent Discovery Confidentiality Order pursuant to N.J.S.A. § 9:6-8.10a, subject to the Court's *in camera* inspection of the records to be produced in redacted format. (Doc. No. 29 at p. 2). The Court thereafter reviewed the records provided by DCP&P, which had been Bates numbered Y.V. DCPP 00001 through Y.V. DCPP 04759, and ordered the State Defendants to produce those records, in redacted format by way of an Order dated February 21, 2023. (Doc. No. 33). The State Defendants complied with that Order and produced the records to Plaintiff. Thereafter, on April 24, 2023, the Court granted in part Plaintiff's application to compel the State Defendants to produce a portion of those records in unredacted format. (Doc. No. 40).

Through the instant Motion, Plaintiff seeks the Court to compel the State Defendants to produce additional records in unredacted format. More specifically, Plaintiff seeks unredacted versions of the following documents Bates numbered Y.V. DCPP: 00368; 00373-375; 00379-382; 00408-422; 00427-446; 00450-458; 00460-471; 00473-481; 00517-559; 00563-574; 00675-

2

680; 00744-760; 00818-825; and 01128-1164 (collectively, the "Challenged Documents").[1] (*See* Doc. No. 59). Plaintiff argues that these Challenged Documents, in unredacted format, are relevant to the resource home and the State Defendants' knowledge of the risks or dangers posed by individuals residing within that resource home. (*See* Doc. No. 59-3 at pp. 5-7). More specifically, Plaintiff believe the unredacted documents reflect further information regarding minor individuals (I.J., J.J., and D.W.) who may have resided within the resource home and may have perpetrated the abuse of Plaintiff, as well as the State Defendants' knowledge about those individuals. Plaintiff contends she needs these documents to address a variety of issues presented in the claims and defenses asserted through this action. (*See* Doc. No. 59-3 at pp. 6-7). Plaintiff adds that the unredacted documents would maintain confidentiality protections afforded through the Court's Discovery Confidentiality Order and would not conflict with N.J.S.A. § 9:6-8.10a. (*See* Doc. No. 59-3 at p. 7). The State Defendants oppose the Motion through a Certification of their counsel of record. (Doc. No. 60). The State Defendants contend the redactions to the Challenged Documents were appropriate based on the assertions of privileges pursuant to N.J.S.A. § 9:6-8.10. Specifically, the State Defendants argue that N.J.S.A. § 9:6-8.10 precludes the disclosure of the unredacted Challenged Documents because disclosure would likely both endanger the life, safety, or physical or emotional well-being of a child or another person and the State's interest in confidentiality outweighs Plaintiff's need for the documents. *See* N.J.S.A. § 9:6-8.10(a); (Doc. No. 60 at ¶¶ 7-12, 14-16, 18-20). The State Defendants' counsel further certifies that "[t]here is no indication in these requested records that D.W. was present at the residence of [Crudup] during the Plaintiff, Y.V.'s placement at the resource home

---

[1] Plaintiff's Motion sought unredacted versions of the records Bates numbered Y.V. DCPP 00516 and 00681-691, but the State Defendants subsequently agreed to produce them. (*See* Doc. No. 61 at p. 1).

3

from January 26, 2013 – April 9, 2015." (Doc. No. 60 at ¶ 21). The State Defendants further assert that, in the event the Court were inclined to grant Plaintiff's Motion, they request the Court to conduct a second *in-camera* review of the Challenged Documents. (Doc. No. 60 at ¶ 23).

Plaintiff replied to the State Defendants' opposition, pointing out references to support the belief that the Challenged Documents, in unredacted form, would provide further information relating to abuse and neglect within the resource home. (*See* Doc. No. 61). Plaintiff further argues that she has a substantial need for the unredacted documents that outweighs any State interest in confidentiality or safety to another. (*See* Doc. No. 61 at pp. 3-4).

## II.   LEGAL STANDARD

Parties, generally, may seek discovery regarding any nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial, *id.*, and the party seeking the discovery bears the burden of showing that the information sought is relevant, *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). On a motion to compel discovery, the movant bears the initial burden of showing the sought-after information is discoverable and relevant, and the responding party must then proffer support for their objections. Fed. R. Civ. P. 37(a); *see Hackensack Univ. Med. Ctr. v. Becerra*, No. 21-12233, 2022 WL 3500418, at *3 (D.N.J. Aug. 18, 2022); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

The resolution of the instant Motion lies within the Court's sound discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court . . . ."); *see also Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III. DISCUSSION

At the outset, the Court grants the State Defendants' request that the Court conduct a second *in camera* review of the Challenged Documents. *See in re Z.W.*, 408 N.J. Super 535, 539 (App. Div. 2009) ("In order to make the determination required by [N.J.S.A. § 9:6-8.10a], the court must undertake an *in camera* review of the documents in issue."). The Court has conducted such review, which guides its decision herein.

New Jersey requires that records and reports regarding child abuse be kept confidential, absent expressly authorized circumstances. *See* N.J.S.A. § 9:6-8.10a. Courts have recognized the importance of maintaining such records as confidential within the confines of the New Jersey statutory framework. *See Smith v. N.J. Division of Child Prot. and Permanency*, 723 F. App'x 119, 122-23 (3d Cir. 2018) (affirming district court's finding that state did not violate the plaintiff's constitutional rights by maintaining child abuse records as confidential under N.J.S.A. 9:6-8.10a). However, courts may permit disclosure of confidential records if the Court finds "such records may be necessary for determination of an issue before it[.]" N.J.S.A. § 9:6-8.10a(b)(6). Even where such records may be necessary for a court's determination of an issue before it, "nothing may be disclosed which would likely endanger the life, safety, or physical or emotional well-being of a child." N.J.S.A. § 9:6-8.10a(a). In addition, it has been recognized that the State has an interest "in protecting the confidentiality of records relating to [child] abuse." *N.J. Div. of Youth and Family Servs. v. J.B.*, 120 N.J. 112, 126 (1990) (citations omitted); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (recognizing that the Court should balance the interests in maintaining confidentiality with the need for the disclosure); *Educ. Law Ctr. v. N.J. Dept. of Educ.*, 198 N.J. 274, 303 (2009) ("[T]o gain access, a plaintiff's interest in disclosure of the relevant documents must outweigh the

5

State's interest in non-disclosure."). Accordingly, the Court will also balance the competing interests and needs of the State Defendants and Plaintiff.

Therefore, applying that framework, the Court considers the Challenged Documents to assess whether (1) unredacted versions of the documents are necessary for the Court's determination of issues presented in this action and, if so, whether (2) the State Defendants have shown that disclosure "would likely endanger the life, safety, or physical or emotional well-being of a child or another person" or (3) whether the State's interest in confidentiality outweighs Plaintiff's need for the information. Upon the *in camera* review, the Court makes the following findings as to the Challenged Documents:

1. Records bearing Bates numbers Y.V. DCPP 00368, 00373-375, 00379-382, 00408-422, 00427-446, 00517-559, 00675-680 and 00744-760, relate to an investigation in June 2015 relating to concerns of injuries to I.J. and J.J. and the response by the State Defendants. Notably, these records post-date Plaintiff's removal from the resource home by just a couple months. Nevertheless, from the Court's *in camera* review of the documents, some of these documents reference Plaintiff's earlier allegations of abuse and removal from the resource home, as well as notes investigating I.J. and J.J.'s behavior before June 2015.[2]

2. Records bearing Bates numbers Y.V. DCPP 00460-471 and 00473-481 are medical records dated from May 2015 of I.J. and J.J. and include a history of their respective behaviors.

---

[2] In addition, this group of documents include multiple references to an adult individual referred to as having a first name beginning in "D" and his presence in or around the resource home as well as his potential contact with I.J. and J.J. during various time periods. It is not clear from the record whether this individual is the same minor "D.W." referred to by the parties in their submissions.

6

3.  Records bearing Bates numbers Y.V. DCPP 00450-458 are the individualized education plan school records for I.J. dated June 10, 2015 and include references to I.J.'s behaviors.

4.  Records bearing Bates numbers Y.V. DCPP 00563-574 are images of I.J. and J.J.

5.  Records bearing Bates numbers 00818-819 relate to DCP&P's June 2007 investigation of alleged neglect of another minor placed with Crudup.

6.  Records bearing Bates numbers 00820-825 appear to be a Screening Summary dated September 24, 2008, regarding a proposal for an individual, M.B., to reside in the resource home.

7.  Records bearing Bates numbers 01128-1164 relate to the placement of other minors, A.W. and D.W., in Crudup's home in or around November 2013. Within these records is a Resource Home Study Assessment Packet Review Form dated November 18, 2013, a DCP&P Resource Family Home Recommendation dated November 2013, and a Safe Resource Family Home Study Report (with handwritten annotations) dated November 12, 2013, all regarding Crudup's resource home and the placement of A.W. and D.W. within that home.[3]

****

Based on these findings, the Court further finds that the Challenged Documents—with the exception of the photographs of I.J. and J.J. at Bates numbers Y.V. DCPP 00563-574—are necessary for the Court's determination of the merits of the allegations and defenses in this case. The redacted material relate to the circumstances at the resource home, the State Defendants' knowledge and investigation into the circumstances at the resource home, and the State Defendants' knowledge and investigation into the history and background of Crudup. Further,

---

[3] Notably, these documents also reference two separate individuals, one a minor and one an adult, bearing the initials D.W.

7

Plaintiff has sufficiently shown that her need for the information in the redacted documents outweigh the State's interest in confidentiality over this information. Indeed, the material will not be made generally public, but rather will be produced on a confidential basis subject to the Court's Discovery Confidentiality Order. In addition, the State Defendants have failed to sufficiently articulate that such limited disclosure of the Challenged Documents would endanger an individual, including the other minor children referenced within the material.

As to the photographs of I.J. and J.J. at Bates numbers Y.V. DCPP 00563-574, the Court finds that such photographs are not necessary for the Court's determination of the merits of the allegations of the case and the State's (and minors') interests in confidentiality and privacy outweigh any need by Plaintiff for such documents. Accordingly, the Court **GRANTS IN PART** Plaintiff's Motion to Compel the Challenged Documents as to the records bearing Bates numbers Y.V. DCPP 00368, 00373-375, 00379-382, 00408-422, 00427-446, 00450-458, 00460-471, 00473-481, 00517-559, 00675-680, 00744-760, 00818-825, and 01128-1164, and **DENIES IN PART** Plaintiff's Motion as to the records bearing Bates Numbers Y.V. DCPP 00563-574.[4]

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this **8th** day of **November 2024** hereby

**ORDERED** that the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel (Doc. No. 59); and it is further

**ORDERED** that the State Defendants shall produce the unredacted Challenged Documents consistent with this Opinion and Order by no later than **November 18, 2024**; and it is further

---

[4] The State Defendants may redact personal identifiers, such that only the names (excluding initials) and dates of births of the individuals referenced therein are redacted.

8


**ORDERED** that the parties shall file a joint status letter by no later than **December 16, 2024**; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at Docket Entry No. 59.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE